ANTHONY PADUANO, Appellant, v. HANNAH PADUANO, Respondent.—
In an action, inter alia, (1) to enforce and give full faith and credit to a Nevada divorce decree and (2) to enjoin the Pension Director of the New York City Police Department from paying over to the defendant wife any more than $30 per month out of plaintiff's pension (said decree awarded the wife $30 per month alimony, to be paid out of plaintiff's pension), in which action defendant, inter alia, counterclaimed for arrears allegedly due and owing under prior New York support orders, plaintiff appeals from a judgment of the Supreme Court, Queens County, dated February 25, 1974 and made after a nonjury trial, which, inter alia, (1) decreed that $51,708 in arrears was due and owing to defendant and (2) directed that said arrears and current support payments of $30 per month be paid over to defendant out of plaintiff's pension in the form of payment to her of plaintiff's entire monthly pension allotment, specifically $275.42 until such time as the arrears shall have been fully paid. Judgment modified on the law and in the exercise of discretion, by (1) striking from subdivision (b) of the fourth decretal paragraph thereof the figure "$275.42" and the phrase "in addition to any increases which now or in the future be due and

payable under said pension" and substituting therefor the figure "$130" and (2) striking from the fifth decretal pargraph thereof the words "the balance" and subsituting therefor the figure "$100". As so modified, judgment affirmed, without costs. In our opinion, the trial court abused its discretion in directing that the entire balance of plaintiff's monthly pension, after payment of $30 for current support, be disbursed to defendant on account of arrears until such time as the arrears shall have been fully paid. Considering all of the circumstances herein, including plaintiff's age and health, a more equitable division is required. We should not starve plaintiff in order to satisfy a judgment for arrears (see, e.g., CPLR 5226, 5231, subd. [b]). We are therefore directing that only $100 of each monthly pension payment be disbursed to defendant on account of the arrears, with the balance (less $30 on account of current support payments pursuant to the Nevada decree) to be remitted to plaintiff (see CPLR 5240). Hopkins, Acting P. J., Latham, Christ and Shapiro, JJ., concur.